### CALKINS v. ANN ARBOR RAILROAD CO.

WITNESSES—REPUTATION FOR VERACITY—COMPETENCY.

> Testimony that plaintiff's reputation for truth and veracity was bad was properly stricken out where cross-examination showed that the only basis for the testimony was that the witness had heard that plaintiff did not pay his debts.

Error to Shiawassee; Dodds, J., presiding. Submitted January 3, 1899. Decided February 6, 1899.

Case by Elijah Calkins against the Ann Arbor Railroad Company for personal injuries. From a judgment for plaintiff, defendant brings error. Affirmed.

*T. W. Whitney* (*Alexander L. Smith*, of counsel), for appellant.

*Watson & Chapman*, for appellee.

MOORE, J. The plaintiff recovered a judgment against the defendant because of injuries received by him when alighting from a train. Defendant has appealed from this judgment. The version of the plaintiff is, in substance, as follows:

"I was a passenger on defendant's train, having a ticket from Ithaca to Owosso Junction. After the train

left Carland, the brakeman said the next stop would be Owosso Junction. I was not familiar with the depot grounds or premises surrounding Owosso Junction. It was quite dark as the train reached Owosso. The train stopped. Just as it stopped, the brakeman came into the front end of the car, and called, 'Owosso Junction,' and left the door open. I asked the brakeman if this stop was Owosso Junction. He said it was. I said, 'I want to get off at Owosso Junction.' He said, 'Get off.' I asked him on which side the station was. He said, 'On the right side.' The train was standing still. I picked up my grips, got part way down on the steps, and the train jerked and threw me off. The train was not in motion when I got to the door nor when I went down on the steps."

He testified he was thrown head first to the ground, and received severe injuries. He produced other testimony as to what occurred when he left the train, and as to the extent of his injuries. His testimony was contradicted by the brakeman. The defendant also produced testimony tending to show plaintiff was not very much hurt. It also introduced impeaching testimony, by showing the reputation of plaintiff for truth and veracity was bad. On the part of the plaintiff, witnesses were produced who testified the reputation of plaintiff for truth and veracity was good. A motion for a new trial was afterwards made and overruled.

The defendant introduced five impeaching witnesses, one of whom was Mr. Randall. He testified he knew the reputation for truth and veracity of Mr. Calkins, and that it was bad. After a long cross-examination, a motion was made to strike out this testimony, and the motion was granted. This is said to be error. The cross-examination showed that what witness heard about Mr. Calkins related to his reputation for honesty. "He was not reliable, worthy of credit, or something of that kind." Mr. Ewers said "he promised to pay, and did not pay." The conversation with Mr. Ford "was about my presenting the bill. He says, 'He won't pay it; he don't pay anything.' He said he was dishonest." Mr. Clusk said "he would

not do a job of work for him; because his reputation for not paying was bad." It did not appear from his testimony that he heard any one say anything affecting the character of Mr. Calkins for truthfulness or veracity. In view of his testimony on cross-examination, we do not think the court erred in striking out his testimony.

A number of other assignments of error are argued. They do not involve any questions of importance in any other case than this, and for that reason will not be discussed. There was a sharp conflict in the testimony. The case was carefully and impartially presented to the jury by the judge. The jury accepted the version given by the plaintiff and his witnesses, rather than the version of defendant.

Judgment is affirmed.

GRANT, C. J., MONTGOMERY and LONG, JJ., concurred. HOOKER, J., did not sit.